[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On December 13, 1999 the defendant filed a motion for summary judgment claiming that since it did not have actual or constructive notice of an alleged unsafe condition, the defendant owed no duty to the plaintiff. On December 7, 2000, the plaintiff filed an objection to the defendant's motion for summary judgment claiming that a genuine issue of material fact existed as to whether the defendant had notice of the alleged unsafe condition.
On December 14, 2000, the court denied the defendant's motion for summary judgment and sustained the plaintiff's objection.
On December 26, 2000, the defendant moved for articulation/reconsideration of the court's decision of December 14, 2000.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non moving party. . . ."Hertz Corp. vs. Federal Insurance Co., 245 Conn. 374, 381 (1998).
In the instant case there exist a genuine issue of material fact as to whether the defendant had constructive notice of the alleged defective condition. This conclusion is based upon the defendant's answer to the plaintiff's interrogatories indicating that "all employees are responsible for the constant maintenance and inspection of the premises," as well as the defendant's response during deposition indicating that the employees' responsibility to inspect was "an ongoing thing". [Emphasis added]. Further, in response to the plaintiff's request during the deposition to define "constant", the defendant responded. . . . .
. . "It's a visual thing. They're working in the store. If things don't look right, the table is not cleaned, then someone will say, I'll go out and clean that table, because a customer might leave and leave cups and wrappers on the table. That goes on. So when I say "Constant" you can't say that they are going to do it every twenty minutes, half hour. If it happens now and two minutes from now, it has to get done in two more minutes. It's constant. CT Page 920
 Q. They're responsible for keeping an eye on the store, make sure nothing is left dirty, if something is, they're to take care of it right away?
A. Yeah.
In support of its motion, the defendant relies upon Page vs. BurgerKing Corp., 1998 WL 389260 (Conn.Super. 1998) and a series of similar cases cited in its brief.
In Page, the defendant submitted as evidence (1) the plaintiff's admission that he did not know how long the condition had existed and (2) the defendant's affidavit that the parking lot had been inspected one hour prior to the plaintiff's fall. Thus, the court concluded that the plaintiff had failed to show that the defendant knew or should have known of the existence of the condition.
In the instant case, as in Page, the plaintiff does not know how long the condition existed. However, unlike Page, the instant defendant admitted that his employee's inspection was "ongoing" and "constant". Thus, in the instant case, viewing the evidence in the light most favorable to the plaintiff, the court finds based on the defendant's interrogatory response and deposition testimony that the trier of fact could reasonably infer constructive notice on the part of the defendant.
By order of the Court.
Swords, J.